# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SUZAN CARSON, | ) | 1:12-cv-00758 LJO GSA PC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | THAT THIS ACTION BE DISMISSED FOR |
| v. | ) | FAILURE TO EXHAUST AVAILABLE |
| | ) | ADMINISTRATIVE REMEDIES PRIOR TO |
| D. JOHNSON, | ) | FILING SUIT |
| | ) | |
| Defendant. | ) | OBJECTIONS DUE IN THIRTY DAYS |
| | ) | |

I.      **Screening Requirement**

        Plaintiff  is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

1   claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

3   exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.

4   506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

5   plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

6   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

7   grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512.  However, "the liberal pleading

8   standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330

9   n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

10  of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257

11  (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

12  **II.**   **Plaintiff's Claims**

13       **A.**   **Summary of Complaint**

14       Plaintiff is currently housed at the Central California Women's Facility on Chowchilla,

15  where the events at issue in this action occurred.  Plaintiff's allegations stem from the slow delivery

16  of mail leaving the prison.  Plaintiff alleges that she wrote to her husband, and he did not receive the

17  letter for 23 days.   Plaintiff attaches as an exhibit a note that she wrote to Lt. Salter, complaining

18  about the delay.  Lt. Salter replied in writing that "due to staff shortages they will be behind for a

19  period of time."

20  **III.**   **Exhaustion**

21       "The Prison Litigation Reform Act requires that a prisoner exhaust available administrative

22  remedies before bringing a federal action concerning prison conditions." <u>Griffin v. Arpaio</u>, 557 F.3d

23  1117, 1119 (9th Cir. 2009)(citing 42 U.S.C.§ 1997e(a)).  "[T]he PLRA exhaustion requirement

24  requires proper exhaustion." <u>Woodford v. Ngo</u>, 548 U.S. 81, 93 (2006).  This means that a prisoner

25  must "complete the administrative review process in accordance with the applicable procedural rules,

26  including deadlines, as a precondition to bringing suit in federal court." <u>Marella v. Terhune</u>, 568

27  F.3d 1024, 1027 (9th Cir. 2009)(quoting <u>Ngo</u>, 548 U.S. at 88).

28       Here, plaintiff has failed to allege that she has exhausted the administrative remedies

2

available to her.  In California, there are four levels of review - informal level, first formal level, second formal level, and third formal level.  The third formal level constitutes the Director's decision on appeal.  Cal. Code Regs. Tit. 15, § 3084.5(e)(2).   Plaintiff specifically alleges that she did not exhaust her available administrative remedies because to do so would take 6 months and, in Plaintiff;'s view, the delay in mail delivery constituted an emergency.

Courts do not have discretion under § 1997e(a) to excuse exhaustion when it would not be appropriate and in the interests of justice. Booth, 532 U.S. 731, 741 n. 5 (2001).  Nor should they read "futility or other exceptions into § 1997e(a). Id. n6.    Further, a prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir.2002) (per curiam). Because plaintiff's complaint contains a concession to nonexhaustion of available administrative remedies and plaintiff's ground for nonexhaustion is futility, this action should be dismissed without prejudice to the filing of a new civil rights action after plaintiff has exhausted her available administrative remedies.

**III.     Conclusion and Recommendation**

Because Plaintiff has conceded that she has failed to exhaust her administrative remedies, the Court finds that the complaint can not be cured by amendment.  Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice to re-filing after Plaintiff has exhausted her available administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

3

1  **Dated:**    **June 12, 2012**            /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE